**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:13-CR-22** |
| **v.** § | |
| § | |
| § | |
| § | |
| § | |
| **KENNETH RAY-LADARIUS** § | |
| **HARRISON** | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed August 10, 2021, alleging that the Defendant, Kenneth Ray-Ladarius Harrison, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

Harrison was sentenced on July 15, 2013, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Possession of Material Involving the Sexual Exploitation of Minors, a Class C felony. This offense carried a statutory maximum of ten years. The guideline imprisonment range, based on a total offense level of 28 and a criminal history category of I, was 78 to 97 months. Harrison was subsequently sentenced to 60 months imprisonment followed by 5 years' supervised release subject to the standard conditions of release, plus special conditions to include mental health aftercare; sex offender aftercare; no

contact with children under the age of 18; restrictions on electronic devices; no pornography; search/seizure; and a $100 special assessment.

## II. The Period of Supervision

On December 28, 2017, Harrison completed his period of imprisonment and began service of the supervision term. On February 20, 2018, Harrison's special condition for mental health treatment was suspended by the court. On July 5, 2019, Harrison's conditions of supervision were modified to include 180 days in a residential reentry center. On July 2, 2021, Harrison's conditions of supervision were again modified to include 180 days in a residential reentry center.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising four allegations. The petition alleges that Harrison violated the following conditions of release:

Allegation 1. The Defendant reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately. You shall abide by the rules and regulations of the center, and pay subsistence according to the U.S. Bureau of Prisons' guidelines.

Allegation 2. Defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; computers, computer peripherals, laptop computers, iPods; Personal Digital Assistants; portable data storage devices such as thumb devices and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection.

Allegation 3. Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

Allegation 4. Defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.

## IV.  Proceedings

On August 26, 2021, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation.  The Defendant agreed to plead "true" to the first allegation that claimed he failed to reside in a residential reentry center for a period of 180 days.   In return, the parties agreed that he should serve a term of 9 months' imprisonment, which includes 158 days' unserved community confinement, with one year of supervised release to follow.  The first six months of supervised release shall be served in a residential reentry center or similar facility (halfway house).

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in

any other case. The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to reside in a residential reentry center for 180 days, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the policy statement imprisonment range is 3 to 9 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than Life.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a special condition of release that he failed to reside in a residential reentry center for 180 days. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is I. The policy statement range in the Guidelines Manual is 3 to 9 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the

aforementioned statutory sentencing factors will best be served by a prison sentence of 9 months (which includes 158 days of unserved community confinement converted to an equivalent term of imprisonment), with one year of supervised release to follow. Harrison must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence upon release from confinement.

## VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a special condition of release by failing to reside in a residential reentry center for a period of 180 days. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a prison term of 9 months (which includes 158 days of unserved community confinement converted to an equivalent term of imprisonment), with one year of supervised release to follow. Harrison should reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence upon release from confinement. The Defendant requested to serve his prison term at the Federal Correctional Institution in Seagoville, Texas. The Defendant's request should be accommodated, if possible.

In addition to the mandatory and standard conditions of supervised release, the same special conditions orally pronounced by the undersigned at the final revocation hearing shall be imposed. The rationale for these special conditions is contained in the Defendant's Presentence Investigation Report.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised

release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 1st day of September, 2021.

_____
Zack Hawthorn
United States Magistrate Judge